UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CRAIG BERTELSEN,** | : | **CASE NO. _____** |
| Plaintiff, | : | |
| v. | : | **COMPLAINT WITH JURY DEMAND** |
| **TERRACE METRICS, INC.** <br> c/o Kathleen Chard <br> 1122 Herschel Ave. <br> Cincinnati, OH 45208 | : | |
| Defendant. | : | |

Plaintiff, Craig Bertelsen ("Dr. Bertelsen"), through counsel, for his causes of action against Defendant, Terrace Metrics, Inc., ("Terrace Metrics"), state as follows:

## PARTIES AND JURISDICTION

1. At all times relevant herein, Plaintiff, Craig Bertelsen, was a resident of Kentucky, residing at 10168 Hempsteade Dr., Union KY, 41091.

2. At all times relevant herein, Defendant, Terrace Metrics, was a domestic, for-profit corporation incorporated in Ohio with a principal place of business located at 1122 Herschel Ave., Cincinnati, OH 45208, licensed to conduct business in Ohio, and conducting business in Hamilton County, Ohio.

3. The case involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

4. The United States District Court has original jurisdiction over this civil action under 28 USC section 1332 because of diversity of citizenship and an amount in controversy in excess of $75,000.00.

## FACTS COMMON TO ALL ALLEGATIONS

5. The preceding allegations are incorporated as if fully restated herein.

6. In December of 2018, Dr. Bertelsen began his employment with Terrace Metrics, Inc. as Director of Operations.

7. Thereafter, Terrace Metrics held Dr. Bertelsen out to the public as member of its Leadership Team. (Exhibit 6).

8. At all relevant times, Kathleen M. Chard, PHD., was the CEO and Co-Founder of Terrace Metrics.

9. At all relevant times, Kathleen M. Chard was authorized to act on behalf, and bind, Terrace Metrics.

10. At all relevant times, Rich Gilman, PHD., MBA, as the President and Co-Founder of Terrace Metrics.

11. At all relevant times, Rich Gilman was authorized to act on behalf, and bind, Terrace Metrics.

12. During the ensuing years, Dr. Bertelsen performed all services requested of him by Terrace Metrics, but was not compensated by Terrace Metrics.

13. Terrace Metrics promised Dr. Bertelsen that he would be given a stock ownership interest in Terrace Metrics.

14. On January 5, 2020, at approximately 8:25 AM EST (Exhibit 1), Dr. Bertelsen emailed Kathleen M. Chard and Rich Gilman "to finalize our conversations on ownership stake so I know where I stand moving forward." Dr. Bertelsen's email further requested that Terrace Metrics "send over the agreement or at a minimum a confirmation email detailing the 5% ownership stake."

15. In January 7, 2020, emails, Dr. Bertelsen and Rich Gilman confirmed the agreement of a 5% stock issuance by Terrace Metrics to Dr. Bertelsen. (Exhibit 1).

16. On January 5, 2020, at approximately 3:21 PM EST (Exhibit 1), Rich Gilman responded to Dr. Bertelsen's earlier email, advising that Terrace Metrics had "contacted our attorneys for more stocks to be issued" and confirmed that Dr. Bertelsen's stocks

17. On February 24, 2020, at approximately 9:36 PM EST (Exhibit 2), Rich Gilman emailed Dr. Bertelsen the "Restricted Stock Agreement" requested by Dr. Bertelsen on January 5, 2020.

18. Communications regarding the Restricted Stock Agreement and compensation for Dr. Bertelsen's services to and on behalf of Terrace Metrics continued throughout March, April, and May 2020 (Exhibit 3).

19. On June 20, 2020, at approximately 9:40 PM EST (Exhibit 4), Dr. Bertelsen emailed the "TM Restricted Stock Agreement" (Exhibit 5), signed by him, to Rich Gilman and Kathleen M. Chard.

20. Dr. Bertelsen substantially, and fully, performed as required by the TM Restricted Stock Agreement.

21. Upon information and belief, Terrace Metrics has been sold to a third-party; has agreed in principle to a sale to a third-party; and/or has sought a sale to a third-party.

22. Upon information and belief, Terrace Metrics has breached the TM Restricted Stock Agreement and/or intends to breach the TM Restricted Stock Agreement.

23. Upon information and belief, Terrace Metrics has refused to recognize the existence, validity, and enforceability of the TM Restricted Stock Agreement.

## COUNT ONE

### BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND DAMAGES

24. The preceding allegations are incorporated as if fully restated herein.

25. Defendant entered into a contract with Dr. Bertelsen providing him with a 5% stock ownership interest in Terrace Metrics.

26. Dr. Bertelsen reasonably and foreseeably relied on the contract as well as Defendant's representations relating to the existence and substance of the contract.

27. The contract became a fully executed contract upon Dr. Bertelsen acceptance of the contract by way of his signature on the contract.

28. Defendant breached the contract.

29. Defendant's breach of contract damaged Dr. Bertelsen in excess of $75,000.

30. Defendant's breach of contract was and are intentional, malicious, and fraudulent.

31. Defendant's breach of contract is without legal excuse or justification.

32. Dr. Bertelsen substantially and fully complied with his obligations under the contract.

33. Dr. Bertelsen is entitled to specific performance of Defendant's contractual obligations.

34. Dr. Bertelsen has requested Defendant comply with the contract, but Defendant has refused.

35. Dr. Bertelsen is entitled to attorney fees, costs, expenses, interest, and punitive damages.

## COUNT TWO

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

36. The preceding allegations are incorporated as if fully restated herein.

37. In every contract or agreement there is an implied promise of good faith and fair dealing.

38. Each party to this contract is not supposed to unfairly interfere with the right of the other party to receive the benefits of the contract.

39. Dr. Bertelsen performed all, or substantially performed all, of his obligations under the contract.

40. Defendant has unfairly interfered with Dr. Bertelsen's right to receive benefits under the contract, and have thereby breached the covenant of good faith and fair dealing.

41. Dr. Bertelsen has been financially harmed by Defendant's conduct.

42. By reason of Defendant's breach of its covenant of good faith and fair dealing, Dr. Bertelsen is entitled to direct, consequential, and incidental damages as well as attorney fees.

43. Dr. Bertelsen has been damaged in excess of the minimal jurisdictional limits of the Court.

44. Dr. Bertelsen is entitled to attorney fees, costs, expenses, interest, and punitive damages.

## COUNT THREE

## PROMISSORY ESTOPPEL

45. The preceding allegations are incorporated as if fully restated herein.

garvey | shearer | nordstrom

46. Defendant made a clear and unambiguous promise of a 5% stock ownership interest in Terrace Metrics plus a discounted purchase option for future stock issuances to Dr. Bertelsen.

47. It was reasonable and foreseeable that Dr. Bertelsen would, and did, rely on Defendant's clear and unambiguous promise.

48. Dr. Bertelsen actually relied on Defendant's clear and unambiguous promise.

49. It was to the detriment of Dr. Bertelsen to rely on the clear and unambiguous promise of Defendant.

50. Dr. Bertelsen has been damaged in an amount in excess of $75,000 due to Defendant's conduct.

51. Defendant's conduct was intentional, reckless, and malicious.

52. Dr. Bertelsen is entitled to attorney fees and punitive damages.

53. Dr. Bertelsen is entitled to injunctive relief.

## COUNT FOUR

## CONVERSION

54. The preceding allegations are incorporated as if fully restated herein.

55. Defendant has wrongfully exercised dominion or control over property in exclusion of Dr. Bertelsen's right.

56. Defendant has withheld property, namely stock in Terrace Metrics, from Dr. Bertelsen's possession under claims inconsistent with Dr. Bertelsen's rights.

57. Dr. Bertelsen had an ownership or right to possession of the property at the time of the conversion.

58. Defendant converted by wrongful acts or disposition of Dr. Bertelsen's property right.

59. Dr. Bertelsen has been damaged in excess of the minimal jurisdictional limits of the Court.

60. Dr. Bertelsen has demanded the return of the property after Defendant wrongfully exercised dominion or control over the property.

61. Defendant has refused to deliver the property to Dr. Bertelsen.

62. Defendant's conduct was reckless, intentional, and/or malicious.

63. Dr. Bertelsen is entitled to attorney fees, costs, expenses, interest, and punitive damages.

## COUNT FIVE

## CIVIL THEFT

106. The preceding allegations are incorporated as if fully restated herein.

107. Through its actions, Defendant has acted in bad faith and has wrongfully converted assets belonging to Dr. Bertelsen, which Defendant knows belong to Dr. Bertelsen.

108. Dr. Bertelsen's assets are valued in excess of $75,000.

109. Defendant's actions in converting Dr. Bertelsen's assets constitutes grand theft, a Fourth Degree Felony in the state of Ohio under Ohio Revised Code § 2913.02(B)(2) for theft.

110. Defendant is civilly liable for liquidated damages caused by acts of theft in the State of Ohio.

111. As a direct and proximate result of Defendant's conversion and theft, Dr. Bertelsen has suffered damages in an amount in excess of $75,000, entitling Dr. Bertelsen to liquidated damages by statute in an amount in excess of $75,000.

7

garvey | shearer | nordstrom

112. Defendants' conversion and theft of property belonging to Dr. Bertelsen was a willful, wanton and an unjustified theft of Dr. Bertelsen's property so as to entitle Dr. Bertelsen to an award of treble damages pursuant to R.C. §2307.61(A)(1)(b)(ii), irrespective of whether the property is recovered by way of replevin or otherwise, is destroyed or otherwise damaged, is modified or otherwise altered, or is resalable at its full market price.

113. Dr. Bertelsen liquidated damages in the statutory amount equal to three times the value of what was taken by the Defendant.

## COUNT SIX

## BREACH OF RC 4111, ET SEQ.

114. The preceding allegations are incorporated as if fully restated herein.

115. During all relevant times, Plaintiff was employed by Defendant within the meaning of RC 4111 et seq.

116. During all relevant times, Defendant was a covered employer required to comply with the mandates of RC 4111 et seq.

117. RC 4111 et seq. requires that Defendant pay Plaintiff all wages for hours worked on or before the first day of each month for wages earned by Plaintiff during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. See RC 4113.15(A).

118. Plaintiff's wages remained unpaid for more that thirty days beyond his regularly scheduled paydays.

119. Defendant's violation of RC 4111 et seq. has caused Plaintiff irreparable harm for which there is no adequate remedy at law.

120. Plaintiff is entitled to recover from Defendant all unpaid wages.

121. Plaintiff is entitled to all remedies available under RC 4111 et seq.

## COUNT SEVEN

## DECLARATORY JUDGMENT

122. The preceding allegations are incorporated as if fully restated herein.

123. This Complaint for Declaratory Judgment is brought pursuant to Ohio Revised Code § 2721.01, et. seq., to determine the rights and/or obligations of the parties pursuant to a contract.

124. Plaintiff seeks a declaration of the rights and obligations under the TM Restricted Stock Agreement.

125. The place of contracting was Ohio.

126. The place of negotiating was Ohio.

127. The place of performance was Ohio.

128. The location of the subject matter for the contract was Ohio.

129. The contract contains an Ohio choice of law clause.

130. Defendant has denied the existence, validity, and enforceability of the TM Restricted Stock Agreement.

131. Plaintiff requests a judgment declaring the TM Restricted Stock Agreement is valid and enforceable.

WHEREFORE, Plaintiff, Craig Bertelsen, prays for a judgment against Defendant, Terrace Metrics, Inc., as follows:

A. An Order requiring specific performance of contract;

B. An award of compensatory, consequential, direct, and incidental damages, and for pre-judgment and post-judgment interest in excess of seventy-five thousand ($75,000) dollars;

C. An award for the costs, expenses, and reasonable attorney fees incurred by Plaintiff;

D. An award of punitive damages;

E. Treble damages;

F. A full accounting of all stock issued by Terrace Metrics;

G. Payment of all unpaid wages;

H. A judgment declaring the existence, validity, and enforceability of the TM Restricted Stock Agreement;

I. Temporary and permanent injunctions prohibiting Terrace Metrics from diluting Dr. Bertelsen's 5% stock ownership interest in Terrace Metrics without first offering Dr. Bertelsen the opportunity to purchase additional stock at a discounted rate in order to maintain his 5% stock ownership interest; and

H. Such additional relief as this Court deems just and equitable.

Respectfully submitted,

GARVEY│SHEARER│NORDSTROM, PSC

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr. (0070805)
Jason E. Abeln (0079835)
2388 Grandview Dr.
Ft. Mitchell, KY 41017
t: 859.308.1490
f: 866.675.3676
dshearer@gsn-law.com
jabeln@gsn-law.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury.

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please issue Summons and a copy of this Complaint by certified mail, return receipt requested, upon the Defendant as follows:

**TERRACE METRICS, INC.**
**c/o Kathleen Chard**
**1122 Herschel Ave.**
**Cincinnati, OH 95208**

*/s/ David A. Shearer, Jr.*
David A. Shearer, Jr.
Jason E. Abeln